IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SETH ALLAN BUSSELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-09-487-D |
| | ) |
| RANDALL WORKMAN (WARDEN), | ) |
| | ) |
| Respondent. | ) |

## **REPORT AND RECOMMENDATION**

Mr. Seth Bussell seeks habeas relief in connection with a state court conviction, and the Respondent moves for dismissal on grounds of timeliness. The Court should grant the motion to dismiss.

### Background

Pursuant to an "Alford plea,"[1] Mr. Bussell was convicted of state criminal charges on November 25, 2002. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 1 (May 8, 2009) ("Petition"). Mr. Bussell filed the habeas petition no earlier than May 6, 2009.[2]

---

[1]   An "Alford plea" "is a plea denominated as a guilty plea but accompanied by protestations of innocence." *United States v. Buonocore*, 416 F.3d 1124, 1128 n.2 (10th Cir. 2005) (citation omitted).

[2]   The petition is deemed "filed" when Mr. Bussell had given it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). The Court may assume *arguendo* that the Petitioner had done so on the date that he verified the petition. *See United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999) ("Because the only evidence of the date appellant gave his motion to prison authorities for mailing is his certificate of service, which contains a declaration in compliance with 28 U.S.C. § 1746, that he did so on April 21, appellant's motion was timely." (footnote omitted)). That date was May 6, 2009. *See* Petition at p. 16.

<u>Timeliness of the Habeas Petition</u>

As the Respondent argues, the habeas petition was filed after the limitations period had expired.

I.   <u>Standard for Dismissal</u>

Federal statutory law does not address the standard for dismissal in habeas proceedings. Thus, the Federal Rules of Civil Procedure apply. *See* Fed. R. Civ. P. 81(a)(4).

The Respondent does not invoke a particular rule, but generally argues that the petition is out-of-time. Because the Respondent had relied on allegations in the habeas petition, the argument implicates Federal Rule of Civil Procedure 12(b)(6).[3] Under this rule, the Court must dismiss the petition when it fails to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In applying this standard, the Court assumes the truth of all factual allegations in the petition and construes them in the light most favorable to Mr. Bussell. *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

The Respondent has relied on the statute of limitations, which constitutes an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). Nonetheless, "[i]f the allegations [in the petition] . . . show that relief is barred by the applicable statute of limitations, the [petition]

---

[3]   *See Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1290 (10th Cir. 2001) (holding that a motion to dismiss in a habeas proceeding arises under Fed. R. Civ. P. 12(b)(6)); *see also Walker v. True*, 399 F.3d 315, 319 n.1 (4th Cir. 2005) ("In section 2254 proceedings, the state's . . . motion to dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(6)." (citations omitted)).

is subject to dismissal for failure to state a claim . . . ."[4] On this issue, the Petitioner bears the burden to establish "a factual basis for tolling" "when the dates given in the [petition] make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citations omitted).

II.     Computation of the Limitations Period in the Absence of Tolling

A petitioner has one year to file a federal habeas petition, and the period begins to run when the conviction became final. *See* Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A) (2000).[5]

---

[4]     *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Rigsbee v. Oklahoma Department of Human Services*, 2007 WL 49091, Westlaw op. at 1 n.6 (W.D. Okla. Jan. 4, 2007) (unpublished op.) ("When a complaint shows that the claims are time-barred, dismissal for failure to state a valid claim is appropriate." (citation omitted)).

[5]     Under 28 U.S.C. § 2244(d)(1)(D), the limitations period may not begin to run until the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(D) (2000). Mr. Bussell states that he was uneducated and only fifteen years old at the time of the arrest. *See infra* pp. 5-6. But in the petition, Mr. Bussell's only habeas claim is that he was "fifteen years old at the time of his arrest" and that he was too young "to give consent or plead guilty." Petition at p. 5. The factual predicate for this claim was the Petitioner's age, and Mr. Bussell obviously knew how old he was at the time of his plea. As a result, Section 2244(d)(1)(D) would not have postponed the start of the limitations period after the conviction had become final. *See Rains v. Oklahoma*, 2007 WL 3407011, Westlaw op. at 1-2 (W.D. Okla. Nov. 9, 2007) (unpublished op.) (holding that Section 2244(d)(1)(D) did not apply to a habeas claim based on the petitioner's youth at the time of the offenses because he "knew or should have known about . . . his age at the time of the crimes"); *see also Howard v. Pinion*, 2006 WL 2927196, Westlaw op. at 4 (W.D. N.C. Oct. 10, 2006) (unpublished op.) ("it is the knowledge of facts, *i.e.*, that [the petitioner] was 18 years old at the time of his conviction, and not actual knowledge of those facts' legal significance that starts a statute of limitations to run [under 28 U.S.C. § 2244(d)(1)(D)]" (citation omitted)).

Mr. Bussell does contend that his youth contributed to his confusion about the legal significance of his age as a defense. But, his belated understanding of the legal arguments would not affect the starting point for the limitations period. *See*, *e.g.*, *Irons v. Estep*, 2006 WL 991106, Westlaw op. at 2 (10th Cir. Apr. 17, 2006) (unpublished op.) (rejecting a petitioner's argument that

As noted above, Mr. Bussell was sentenced on November 25, 2002. *See supra* p. 1. The Petitioner then had ten days to file a motion to withdraw the plea. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals. Because he did not move for withdrawal of the plea or seek *certiorari*, the conviction became "final" by December 5, 2002.[6] Thus, under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period would have expired by December 5, 2003, in the absence of tolling.

### III.   Statutory Tolling

Federal law authorizes tolling of the limitations period when a petitioner seeks collateral review in state court. *See* Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(2) (2000). But Mr. Bussell did not collateral review in state court. *See* Petition at p. 3 ¶ 10, p. 5 ¶ 12(d). Thus, Mr. Bussell is not entitled to statutory tolling.

### IV.   Equitable Tolling

Equitable tolling is also unjustified.

---

the limitations period did not begin until his discovery of the eventual legal arguments because he had earlier understood the factual predicate surrounding his guilty plea); *see also Evans v. Caroll*, 2005 WL 196554, Westlaw op. at 2 (D. Del. Jan. 19, 2005) (unpublished op.) (holding that Section 2244(d)(1)(D) is not triggered by the petitioner's assertions that he could not have previously discovered the factual predicate for his habeas claims "due to his young age, his lack of legal knowledge, and his *pro se* status" (citation & footnote omitted)).

[6]   *See Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (stating that a conviction became final ten days after an Oklahoma defendant's entry of a guilty plea in the absence of a timely motion for withdrawal or direct appeal); *see also Smith v. Laymon*, 2009 WL 30464, Westlaw op. at 1-2 (N.D. Okla. Jan. 5, 2009) (unpublished op.) (stating that an "Alford plea" became final ten days after pronouncement of judgment and sentence).

The limitations period may be subject to equitable tolling "in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Even when the circumstances are "rare" and "exceptional," however, equitable tolling is only available when the petitioner has been diligent in the pursuit of his habeas claims. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). And the Petitioner "'bears a strong burden to show specific facts to support his claim of . . . due diligence.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Mr. Bussell has not satisfied this burden.

In the habeas petition, Mr. Bussell supplies the following reasons for his delay:

- He was under duress during his questioning;
- he lacked an education;
- he was traumatized by his brother's death;
- he did not obtain a "psychological evaluation;"
- his attorney was ineffective;
- he had been wrongfully charged; and
- he lacked a speedy trial.

Petition at p. 14. But the conviction took place in November 2002,[7] and none of the Petitioner's arguments would account for the ensuing delay of roughly 6½ years before the initiation of a habeas action.

---

[7]   *See supra* p. 1.

As the Petitioner points out, he was only fifteen years old at the time of his arrest. *Id.* at pp. 5-6, 14. But, his youth at the time of arrest would not explain why he waited until he was roughly 23 years old to file a federal habeas petition.[8]

The unexplained delay of roughly 6½ years after the conviction would foreclose equitable tolling[9] even if the Petitioner could otherwise show the required "rare" and "exceptional" circumstances for equitable tolling.

V.  Summary

Mr. Bussell is not entitled to statutory or equitable tolling. As a result, the limitations period expired by December 5, 2003, and initiation of the habeas action in May 2009 was too late. In these circumstances, the Court should grant the Respondent's motion to dismiss.

Notice of the Right to Object

Mr. Bussell may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is August 27, 2009. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the

---

[8]  *See Roderick v. Salzburg*, 2009 WL 1863679, Westlaw op. at 2 (10th Cir. June 30, 2009) (unpublished op.) (holding that the petitioner was not entitled to equitable tolling even though he had allegedly been only fifteen years old at the time of the conviction).

[9]  *See, e.g., Gifford v. Everett*, 28 Fed. Appx. 748, 751 (10th Cir. Sept. 24, 2001) (unpublished op.) (holding that the petitioner had not been diligent, for purposes of equitable tolling, in light of an unexplained delay of more than three years before filing a post-conviction action); *Crawford v. Oklahoma*, 56 Fed. Appx. 877, 878-79 (10th Cir. Jan. 22, 2003) (unpublished op.) (holding that a delay of almost five years would foreclose a finding of due diligence for purposes of equitable tolling); *Stanley v. McKune*, 133 Fed. Appx. 479, 480 (10th Cir. May 23, 2005) (unpublished op.) (holding that a delay of six years did not constitute diligence for purposes of equitable tolling).

suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Status of the Referral

The referral to the undersigned is terminated.

Entered this 7th day of August, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge