# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SETH ALLAN BUSSELL, | ) | |
| Petitioner, | ) ) | |
| vs. | ) | NO. CIV-09-487-D |
| RANDALL WORKMAN, WARDEN, | ) ) ) | |
| Respondent. | ) | |

## **O R D E R**

Petitioner, a state prisoner appearing *pro se*, brought this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Robert E. Bacharach for initial proceedings. Respondent filed a motion to dismiss the petition, arguing that the statute of limitations has expired on Petitioner's claims. Although the Magistrate Judge directed Petitioner to respond to that motion, he did not do so.

After reviewing the Petition and the motion to dismiss, the Magistrate Judge filed a Report and Recommendation [Doc. No. 11] in which he recommended that the petition be dismissed upon filing because it reflects that it was filed beyond the applicable one-year statute of limitations, and there is no basis for tolling that period. Petitioner has timely objected to the Report and Recommendation. Therefore, the matter is reviewed *de novo*.

The Magistrate Judge concluded that the Petition should be dismissed as untimely because the statute of limitations period prescribed by 28 U.S.C. §2244(d) expired prior to its filing. As amended by the Antiterrorism and Effective Death Penalty Act of 1996, §2244 provides that a habeas petition seeking relief from a state court judgment must be filed within one year from the

date the judgment becomes final.[1]

As discussed at pages 1-2 of the Report and Recommendation, the record reflects that Petitioner was sentenced on the challenged state criminal charges on November 25, 2002, following the entry of an "Alford plea."[2] He did not seek to withdraw that plea within the ten-day time period authorized by Oklahoma law. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals. Therefore, his conviction became final on December 5, 2002, ten days after the pronouncement of his judgment and sentence. *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). The deadline for seeking habeas relief was December 5, 2003. 28 U. S. C. § 2244(d)(1)(A). Petitioner did not file this action until May 6, 2009,[3] almost six years after the deadline.

The Magistrate Judge discussed the application of the statute of limitations, including the statutory bases for tolling that time period. He concluded that, in this case, there is no basis for statutory tolling or for equitable tolling of the statute of limitations.

Having reviewed the file, including the motion to dismiss and Petitioner's objections to the Report and Recommendation, the Court agrees that the Petition must be dismissed as untimely. In his objection, Petitioner offers no persuasive argument or authority that could warrant tolling the statute of limitations on his habeas claim. The Report and Recommendation [Doc. No. 11] is

---

[1] The statute provides alternative times for commencement of the limitations period. However, the magistrate judge correctly concluded, and petitioner does not dispute, that the date of final judgment is the only applicable commencement date in this case.

[2] As explained by the Magistrate Judge, an "Alford plea" is a plea "denominated as a guilty plea but accompanied by protestations of innocence." *United States v. Buonocore*, 416 F. 3d 1124, 1128 n. 2 (10th Cir. 2005).

[3] The Court file shows a filing date of May 8, 2009 [Doc. No. 1]. However, the Petition is deemed filed when Petitioner gave it to prison officials for mailing. *Fleming v. Evans*, 481 F. 3d 1249, 1255 n.2 (10th Cir. 2007). In this case, Petitioner listed that date as May 6, 2009. Accordingly, the Court has utilized May 6, 2009 as the filing date.

ADOPTED as though fully set forth herein.  This action is dismissed as untimely.

IT IS SO ORDERED this 28th day of December, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE